IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORINNE KUYPERS-DENLINGER, <br>    Plaintiff, <br><br> v. <br><br> BEHAVIORAL HEALTH, <br> INDUSTRY NEWS, INC., d/b/a <br> OPEN MINDS, <br>    Defendant. | CIVIL ACTION NO. <br><br><br><br> **JURY TRIAL DEMANDED** <br><br> *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Corinne Kuypers-Denlinger ("Ms. Kuypers-Denlinger" or "Plaintiff"), a resident of Montgomery County, Maryland, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds, demands a trial by jury, and complains and alleges as follows:

## NATURE OF THE CASE

1. This Complaint alleges illegal discrimination on the basis of Ms. Kuypers-Denlinger's age as well as retaliation for reporting gender discrimination, all in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d *et seq.* (hereinafter referred to as "Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* ("ADEA"), as well as pendent state law

claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter referred to as "the PHRA").

## PARTIES

2. Ms. Kuypers-Denlinger is an adult female who currently resides in Gaithersburg, Montgomery County, Maryland.

3. Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds (hereinafter "Defendant"), is a Delaware corporation with its headquarters located at 15 Lincoln Square, Gettysburg, Adams County, Pennsylvania.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court over the claims within this Complaint is based upon federal question jurisdiction pursuant to Title VII as well as 28 U.S.C. §§1331 and 1343 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

5. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. §1391 in that Defendant does business in this District and a substantial part of the events giving rise to the claims occurred in this district.

## ADMINISTRATIVE PROCEEDINGS

6. On or about October 29, 2020, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity

Commission ("EEOC"), which was docketed as EEOC Charge 530-2020-02883, alleging age-based discrimination and retaliation, with instructions to cross-file with the Pennsylvania Human Relations Commission ("PHRC").

7. Plaintiff also filed a separate complaint with the PHRC in or around July 2020, which was docketed as PHRC Charge 201903491.

8. Plaintiff has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated August 3, 2021.

9. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## FACTUAL BACKGROUND

10. On or about September 23, 2019, Defendant hired Ms. Kuypers-Denlinger as an Executive Vice President ("EVP") of Market Intelligence at an annual salary of $185,000.

11. Ms. Kuypers-Denlinger was born in 1952 and at all times material hereto, was over the age of sixty (60).

12. During her tenure with Defendant, Ms. Kuypers-Denlinger regularly heard sexist and disparaging remarks about women from her fellow EVP Tim Snyder. Further, Mr. Snyder was dismissive of Ms. Kuypers-Denlinger from the inception of her employment.

13. Ms. Kuypers-Denlinger did not complain of Mr. Snyder's behavior as he was a close confidante of Defendant's CEO, Monica Oss.

14. On or about February 13, 2020, Ms. Kuypers-Denlinger and other of Defendant's employees, including Mr. Snyder, were at a conference in Florida.

15. When Ms. Kuypers-Denlinger returned to the hotel the evening of February 13, 2020, she stopped by the hotel bar and restaurant to order a glass of wine. Mr. Snyder was already at the bar and already intoxicated.

16. Shortly after Ms. Kuypers-Denlinger seated herself at the bar, Mr. Snyder began berating her, yelling at her across the room and telling her to "get the fuck out"; Mr. Snyder also made cryptic references to Ms. Kuypers-Denlinger's termination.

17. Mr. Snyder, clearly intoxicated, further attempted to physically accost Ms. Kuypers-Denlinger, though he was restrained by the gentlemen seated next to him.

18. Fearing for her safety, Ms. Kuypers-Denlinger retreated to her room.

19. On or about February 14, 2020, Ms. Kuypers-Denlinger complained to her supervisor, Ms. Oss, of Mr. Snyder's behavior.

20. Ms. Kuypers-Denlinger received no response to her complaint.

21. On or about February 18, 2020, Ms. Kuypers-Denlinger received an email from Ms. Oss informing her that she was being demoted to Senior Associate, with a concomitant pay cut to $140,000.

22. On or about February 21, 2020, Ms. Kuypers-Denlinger met with Ms. Oss in person and complained directly of Mr. Snyder's behavior, which she believed and reported was motivated by her sex (female) and her age.

23. Ms. Kuypers-Denlinger further complained that her demotion was retaliatory in nature, motivated by her complaint regarding Mr. Snyder's behavior.

24. Ms. Oss informed Ms. Kuypers-Denlinger that another EVP would look into the incident and told her that her salary would be reduced to $150,000 instead.

25. To Plaintiff's knowledge, Defendant took no further action and performed no investigation of her complaint.

26. On or about February 26, 2020, Ms. Kuypers-Denlinger filed a formal, written complaint with Ms. Oss alleging sex discrimination on the part of Mr. Snyder and complaining of the retaliatory demotion.

27. After her complaint, Ms. Oss did not directly communicate with Ms. Kuypers-Denlinger again.

28. After Ms. Kuypers-Denlinger's demotion, Defendant replaced her with an employee who was at least twenty (20) years younger and who did not possess her experience, knowledge or qualifications.

29. In or around July of 2020, Ms. Kuypers-Denlinger filed a complaint with the PHRC alleging sex and age discrimination against Defendant.

30. On or about October 2, 2020, Defendant informed Ms. Kuypers-Denlinger that effective October 16, 2020, her employment status was being changed from employee to contractor and that they had no contract work available.

31. Ms. Kuypers-Denlinger's demotion on or about February 24, 2020, was in retaliation for her good faith reports of Mr. Snyder's inappropriate sex-based and age-based conduct and hostility towards her.

32. Ms. Kuypers-Denlinger's effective termination on or about October 2, 2020, was in retaliation for her repeated good faith reports of Mr. Snyder's sex-based and age-based inappropriate conduct and hostility towards her.

33. Defendant's retaliation and discrimination violated Ms. Kuypers-Denlinger's rights under Title VII, the ADEA, and the PHRA.

## COUNT I

**TITLE VII VIOLATION**
**RETALIATION**

34. All prior paragraphs are incorporated herein as if set forth fully below.

35. As set forth above, subsequent to and as a result of Plaintiff's repeated complaints of sex-based harassment, including to the PHRC, Defendant retaliated against Plaintiff first by demoting her and cutting her pay, and subsequently, by effectively terminating her employment.

36. As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation before her family and friends, and has sustained economic losses.

WHEREFORE, Plaintiff, Corinne Kuypers-Denlinger, respectfully requests this Honorable Court enter judgment in her favor and against Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### ADEA VIOLATION
### AGE DISCRIMINATION

37. All prior paragraphs are incorporated herein as if set forth fully below.

38. Defendant discriminated against Plaintiff due to her age, in violation of the ADEA by demoting her and replacing her with someone twenty (20) years her junior.

39. As a result of Defendant's actions and failures to act, Plaintiff has suffered emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

40. The actions of Defendant set forth above constitute violations of Plaintiff's federal civil rights under the ADEA.

WHEREFORE, Plaintiff, Corinne Kuypers-Denlinger, respectfully requests this Honorable Court enter judgment in her favor and against Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### ADEA VIOLATION
### RETALIATION

41. All prior paragraphs are incorporated herein as if set forth fully below.

42. As set forth above, subsequent to and as a result of Plaintiff's repeated complaints of age-based discrimination, including to the PHRC, Defendant retaliated against Plaintiff first by demoting her and cutting her pay, and subsequently, by effectively terminating her employment.

43. As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation before her family and friends, and has sustained economic losses.

WHEREFORE, Plaintiff, Corinne Kuypers-Denlinger, respectfully requests this Honorable Court enter judgment in her favor and against Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## COUNT IV

### VIOLATIONS OF THE PHRA
### DISCRIMINATION & RETALIATION

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the causes of action complained of in this Count IV arises out of the same facts, events, and circumstances as Counts I through III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

46. By discriminating against Plaintiff on the basis of her age and retaliating against her for her complaints of Mr. Snyder's sex-based discrimination,

as described above, Defendant violated Plaintiff's state rights under the PHRA, which prohibits such discrimination and retaliation with respect to the continuation and tenure of employment.

47.  As more fully set forth in Counts I through III, Plaintiff has suffered directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Corinne Kuypers-Denlinger, respectfully requests this Honorable Court enter judgment in her favor and against Defendant, Behavioral Health Industry News, Inc., d/b/a Open Minds, and grant such relief as may be appropriate, including liquidated, compensatory and punitive damages, costs and attorneys' fees, and for such other further relief, in law and in equity, both actual and special, to which this Honorable Court deems just fair and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## DEMAND FOR JURY

Pursuant to Federal Rules of Civil Procedure 38(b) and otherwise, Plaintiff, Christie Brock, respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated:  October 26, 2021

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)

smahan@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*